ATTORNEY FOR APPELLANT
Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

No. 20S03-0706-CR-252

AARON D. MCDONALD,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Circuit Court, No. 20C01-0508-MR-151
The Honorable Terry C. Shewmaker, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 20A03-0605-CR-229

**June 26, 2007**

**Rucker, Justice.**

# Background

Along with seventeen-year-old Hanna Stone and her eighteen-year-old boyfriend Spenser Krempetz, seventeen-year-old Aaron McDonald concocted a plan to rob and kill Stone's mother, Barbara Keim. Apparently Stone, who hatched this idea, was irritated that her mother did not approve of her relationship with Krempetz. McDonald was promised $400 for his efforts. The trio executed the plan, which resulted in accosting Keim in her home, binding and gagging her, driving Keim to a bank ATM from which she was forced to withdraw $200 – the maximum amount the machine allowed – and then driving Keim to a corn field where she was fatally shot in the head. The State charged McDonald with murder, a felony, conspiracy to commit murder, a Class A felony, and criminal confinement, as a Class B felony. The State also filed a request for Life Imprisonment Without Parole.

Under terms of a plea agreement McDonald pleaded guilty to all charges and in exchange the State dismissed the LWOP request. The plea agreement also provided that sentencing "shall be at the discretion of the Court" and the sentences would run concurrently. App. at 14-15.

At the sentencing hearing, after listening to testimony of witnesses and entertaining arguments of counsel, the trial court found the following aggravating factors: (1) McDonald committed multiple crimes; (2) the crimes were committed solely for financial gain; (3) McDonald has a history of juvenile arrests and delinquency adjudications; (4) McDonald smoked marijuana since the age of six or seven, used cocaine and marijuana around the time these offenses were committed, and handled a loaded firearm while under the influence of drugs; (5) McDonald participated in both the murder and the conspiracy to commit murder; and (6) McDonald considered himself a victim in this incident. App. at 39-40. The trial court found the following mitigating factors: (1) McDonald was a minor at the time of the crimes; (2) McDonald cooperated with the State in recovering Keim's body; (3) McDonald suffered from drug and alcohol addictions; and (4) McDonald expressed remorse which was tempered by his claim of being a victim. Id. at 40-41. Concluding that the aggravating factors outweighed the mitigating factors the trial court sentenced McDonald to a term of sixty-two years for the murder conviction, which was seven years above the advisory term. See Ind. Code § 35-50-2-3. The

2

trial court imposed the advisory sentences of thirty years and ten years respectively for the Class A felony conspiracy conviction and the Class B felony criminal confinement conviction. Pursuant to the terms of the plea agreement the trial court ordered the sentences to be served concurrently with the sentence for murder for a total executed term of sixty-two years.

McDonald appealed arguing among other things[1] that the trial court used "improper aggravators" to sentence him. Appellant's Br. at 12. More specifically McDonald argued that by referring to multiple crimes and by relying on his participation in the conspiracy to commit murder, the trial court improperly used as aggravating factors the material elements of the murder offense. McDonald also complained that the trial court improperly relied upon his juvenile history as an aggravating factor. The Court of Appeals affirmed the judgment of the trial court. In doing so the court declined to address McDonald's argument about alleged trial court error in the finding of aggravating factors. Noting that it is "divided on whether it is required to review aggravators and mitigators found or not found by the trial court" the Court of Appeals declared, "[w]e await our Supreme Court's guidance on whether a defendant may appeal a trial court's finding of aggravators and mitigators for a sentence within the statutory range, and until then, we will assume it unnecessary to assess the trial court's findings." McDonald v. State, 861 N.E.2d 1255, 1258-59 (Ind. Ct. App. 2007). Although we now grant transfer, except as otherwise provided below we summarily affirm the Court of Appeals' opinion. See Ind. Appellate Rule 58(A)(2).

## Discussion

In an opinion handed down today we noted that in the aftermath of the 2005 amendments to Indiana's criminal sentencing statutes, there has been a lack of consensus on the Court of Appeals on whether and to what extent trial judges are now required to make sentencing statements and whether any such statements must include findings of aggravating and mitigating

---

[1] As rephrased McDonald raised the following issues: (1) did the trial court abuse its discretion by considering improper aggravating factors; (2) did the trial court commit fundamental error by refusing to recuse itself at the sentencing hearing because the trial court knew on a professional basis two of the State's witnesses; and (3) was McDonald's sentence inappropriate in light of the nature of the offense and character of the offender.

factors. A closely related issue is the scope of appellate review. Addressing these concerns we declared:

> [C]onstruing what we believe is a legislative intent to retain the traditional significance of sentencing statements we conclude that under the new statutory regime Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. In order to facilitate its underlying goals, the statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

Anglemyer v. State, No. 43S05-0606-CR-230, ___N.E.2d___, ___, slip op. at 9 (Ind. June 26, 2007) (internal citation omitted). We noted that the standard of appellate review continues to be abuse of discretion. We then suggested a few ways in which a trial court may overstep its bounds under the new statutory regime:

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

Id. at 10.


In this case, explaining its reason for the sentence imposed, the trial court entered a five-page written statement, App. at 39-43, in addition to an oral statement that consumes nine pages of transcript. Tr. at 109-18. Taken together the statements are meticulously detailed, include the finding of aggravating and mitigating factors – all of which are supported by the record – and explain why each factor is considered aggravating or mitigating.[2]

---

[2] The trial judge correctly observed, "the Court is free to impose any sentence within the range provided by law without regard to aggravating and mitigating circumstances." Tr. at 109. However the trial judge went on to say, "In spite of the fact, Mr. McDonald, that I'm not required to do so, I am going to analyze this case involving aggravating and mitigating circumstances for two reasons. One I think it's an appropriate thing to do; and two, is both of your counsel and the counsel for the state have analyzed it in that realm, and I think they are correct in doing so . . . ." Id. at 110. We commend Judge Shewmaker for his thoughtful assessment.

We make the following observations about McDonald's claim that the trial court relied upon improper aggravating factors. Under the amended regime a trial court may impose "any sentence" the statute authorizes and the Constitution permits, "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." I.C. § 35-38-1-7.1(d). Where, as here, the trial court's reason for imposing sentence includes a finding of aggravating and mitigating factors, they must be supported by the record and consistent with what our courts have traditionally deemed as either aggravators or mitigators. If the factors are not supported by the record or have been previously determined to be improper, then "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Anglemyer, ___ N.E.2d at ___, slip op. at 10.

Among the factors the trial court here found to be aggravating were: McDonald committed multiple crimes, McDonald participated in both the murder and the conspiracy to commit murder, and McDonald has a history of juvenile arrests and delinquency adjudications. According to McDonald each of these factors is improper. He is wrong. They are not.

The law is settled that the fact of multiple crimes is a valid aggravating factor. O'Connell v. State, 742 N.E.2d 943, 952 (Ind. 2001); Noojin v. State, 730 N.E.2d 672, 679 (Ind. 2000). And the fact that a death has occurred as a result of a conspiracy to commit murder is also a valid aggravating factor. See Smith v. State, 655 N.E.2d 532, 542 (Ind. Ct. App. 1995). We have also determined that juvenile adjudications may be used to enhance a defendant's sentence. Haas v. State, 849 N.E.2d 550, 555 (Ind. 2006); Ryle v. State, 842 N.E.2d 320, 321-23 (Ind. 2005). The trial court thus committed no error.

In any event, even if the trial court had erred in identifying the foregoing factors as aggravators, McDonald would not be entitled to remand for resentencing. This is so because McDonald does not challenge the remaining aggravating factors. And in imposing sentence the trial court declared, "any one of the aggravating circumstances taken alone or in conjunction with others substantially outweigh all of the mitigating circumstances considered as a whole." App. at

5

In essence the record is clear that the trial court would have imposed the same sentence without regard to the challenged aggravators.

Under the circumstances the sole ground upon which McDonald can successfully proceed in challenging the length of his sentence is that it is inappropriate in light of the nature of the offense and character of the offender. App. R. 7(B). He made this claim before the Court of Appeals and was denied relief. As indicated earlier we summarily affirm the Court of Appeals on this point.

## Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.