**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Office of the Lake County Public Defender
  Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH LAICH, III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1205-CR-206 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1101-FA-2

December 31, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Joseph Laich, III, appeals his sentence for aggravated battery as a class B felony. Laich raises two issues which we revise and restate as:

I.      Whether the trial court abused its discretion in sentencing Laich; and

II.     Whether Laich's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

The relevant facts from the stipulated factual basis follow. On or about January 19, 2011, Laich was at the home of his eighty-one-year-old grandmother Carlene McGaha in Hammond, Indiana. Laich and McGaha "got into an argument over her dog when [Laich] punched [McGaha] knocking her to the floor." Appellant's Appendix at 33. Laich then took the dog's leash, wrapped it around McGaha's neck, and choked her until she was unconscious. While McGaha was unconscious, Laich turned on the gas burner on the stove and left the house. Laich "gave a statement to police admitting to the above acts, though he stated he did not remember turning the gas on, but that he could have." Id. The injuries sustained by McGaha from Laich's actions created a substantial risk of death.

On January 21, 2011, the State charged Laich with Count I, attempted murder; Count II, robbery as a class A felony; Count III, criminal confinement as a class B felony; Count IV, criminal confinement as a class B felony; Count V, criminal confinement as a class C felony; Count VI, battery as a class C felony; Count VII, intimidation as a class D felony; and Count VIII, theft as a class D felony.

2

On April 5, 2011, Laich's counsel filed a motion for examination to determine competency and sanity. On August 12, 2011, the court held a hearing, recognized that Dr. Douglas Caruana and Dr. Prasad found that Laich was competent to stand trial, and the court found Laich competent.[1]

On February 15, 2012, Laich entered into a plea agreement with the State pursuant to which the State agreed to file an amended information adding Count IX, aggravated battery as a class B felony, and dismiss the remaining charges and a theft charge under another cause number, and Laich agreed to plead guilty to the amended charge. The agreement also provided that the parties would be free to "fully argue their respective positions as to the sentence to be imposed by the Court." Id. at 31.

On April 2, 2012, the court held a sentencing hearing. The court admitted a letter dated May 24, 2011, from Dr. Caruana to the trial court which stated:

> [Laich] reported a birth date of 10/26/88 and correct age of 22 years. He presented as alert, oriented, and responsive in clear speech. No confusion or acute intense emotional distress was noted or reported.
>
> Mr. Laich recalls most of the day in question in clear terms. He does not describe having experienced any severe psychiatric symptoms on the day in question, and describes relatively routine psychological experiences and behavior management leading up to the incident and shortly after the incident. He describes having a "blackout" associated with the actual incident and credits this to his abuse of Xanax on the day in question. He recalls a similar Xanax "blackout" in December 2010, indicating that he had no memory of what he had done and with whom he had spoken.
>
> Mr. Laich reports that he has been diagnosed with Bipolar Disorder, and indicates that he experiences intense episodes of anger, followed by periods of depression. He denies having experienced hallucinations or delusions,

---

[1] As mentioned below, the record contains a letter from Dr. Caruana to the trial court which was admitted at the sentencing hearing, but our review of the record does not reveal any letter or report from Dr. Prasad.

3

and in particular, does not report any extreme psychiatric disturbance earlier in the day in question and immediately prior to his "black out" period. He indicates that he had run out of his medications for mood control one to two weeks prior to the incident.

Data generated in this evaluation **do not** support a finding of insanity, as defined by statue [sic]. He **does** meet criteria for mentally ill, as defined by statute.

Defendant's Exhibit 2.

James McGaha, Laich's uncle and the son of Carlene McGaha, testified that Laich lived with his grandmother "off and on" and had issues with her in the past including hitting her and stealing money from her. Transcript at 33. James also testified that the violence Laich exhibited towards his grandmother increased over time. Laich stated: "I just want to apologize for what I done. I know it was wrong for what I done. If I could take it back, I would." Id. at 53.

At the sentencing hearing, the court stated: "Do I think you need help? Absolutely. But there's not much more that the system can do for you unless you're willing to do it for yourself." Id. at 57. The court found the fact that Laich pled guilty and admitted responsibility as mitigators. The court found the following aggravators: Laich's criminal history, the age of the victim, the lack of a deterrent effect by prior leniency, the fact that Laich was on probation for a felony at the time of the offense, and the fact that Laich turned on the stove gas burner and left the home after choking his grandmother. The court found that each aggravating factor, standing alone, outweighed any mitigating factor. The court sentenced Laich to seventeen years in the Department of Correction.

4

The first issue is whether the court abused its discretion in sentencing Laich. A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." Anglemyer v. State, 868 N.E.2d 482, 490-491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. Id. at 491.

Where, as here, the trial court's reason for imposing a sentence includes a finding of aggravating and mitigating factors, they must be supported by the record and consistent with what our courts have traditionally deemed as either aggravators or mitigators. McDonald v. State, 868 N.E.2d 1111, 1113-1114 (Ind. 2007). "If the factors are not supported by the record or have been previously determined to be improper, then 'remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.'" Id. at 1114 (quoting Anglemyer, 868 N.E.2d at 491).

A.     Aggravator

Laich appears to argue that the trial court abused its discretion when it found that he choked his grandmother and left the home after turning on the gas burner as an aggravator because it relied upon the facts needed to prove the elements of the crime. Laich quotes the portion of the trial court's sentencing order which stated: "[t]he nature and circumstance of the crime committed are as follows: pursuant to the stipulated factual basis for the plea agreement." Appellant's Brief at 10 (quoting Appellant's Appendix at 38). Laich points out that the stipulated factual basis indicated that he choked her until she was unconscious and then left the home after turning on the gas burner. The State argues that the court did not abuse its discretion because the act of choking his grandmother to the point of unconsciousness was the act that created a substantial risk of death required for the aggravated battery charge and that "[i]t can be reasonably inferred that the trial court viewed his subsequent attempt to fill the house with toxic gas as part of the nature and circumstances of the offense." Appellee's Brief at 5.

A material element of a crime may not be used as an aggravating factor to support an enhanced sentence.[2] McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007). However,

---

[2] The offense of aggravated battery as a class B felony is governed by Ind. Code § 35-42-2-1.5 which provides:

A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:

(1)     serious permanent disfigurement;

(2)     protracted loss or impairment of the function of a bodily member or organ; or

(3)     the loss of a fetus;

when evaluating the nature of the offense, the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors. Id. The trial court must then detail why the defendant deserves an enhanced sentence under the particular circumstances. Id.

> We observe that the court's sentencing order states:
>
> ***SENTENCING CONSIDERATIONS:*** 1. The nature and circumstance of the crime committed are as follows: pursuant to the stipulated factual basis for the plea agreement.
>
> ***MITIGATING CIRCUMSTANCES:*** . . . .
>
> ***AGGRAVATING CIRCUMSTANCES:*** . . . .
>
> * * * * *
>
> 6.    After choking his grandmother with a dog leash, [Laich] turned the stove gas burner on and left the home.

Appellant's Appendix at 38-39. Given that the court mentioned the stipulated factual basis for the plea agreement separate from the list of the aggravating circumstances, we cannot say that the court relied upon all of the facts in the stipulated factual basis as aggravators. Further, the court appeared to emphasize the fact that Laich turned on the gas burner and left the home following his act of choking his grandmother when it stated: "[*a*]*fter* choking his grandmother with a dog leash, the defendant turned the stove gas burner on and left the home." Id. at 39 (emphasis added). We conclude that the trial

---

commits aggravated battery, a Class B felony.

The charging information related to Count IX, aggravated battery as a class B felony, alleged that Laich "did knowingly or intentionally inflict injury on Carlene McGaha that created a substantial risk of death, contrary to I.C. 35-42-2-1.5, and against the peace and dignity of the State of Indiana." Appellant's Appendix at 29.

7

court considered the fact that Laich turned on the stove gas burner and left the home not as a material element of the crime but as the nature and circumstances of the offense. Consequently, the trial court did not abuse its discretion by considering the nature and circumstances as an aggravating factor. See Sipple v. State, 788 N.E.2d 473, 482 (Ind. Ct. App. 2003) (holding that the trial court's explanation was significantly more than the mere recitation of the elements of the offense, and adequately supported the finding of the aggravating circumstance); Armstrong v. State, 742 N.E.2d 972, 981 (Ind. Ct. App. 2001) (holding that the trial court's sentencing statement "makes clear that it was not the pointing or shooting of the handgun that was the aggravating circumstance but the manner in which those offenses were committed" and "[t]his was a proper use of the nature and circumstances of the crimes committed as an aggravating factor").

B.     Mitigators

Laich argues that the trial court abused its discretion by failing to find his remorse and mental illness as mitigators. The determination of mitigating circumstances is within the discretion of the trial court. Rogers v. State, 878 N.E.2d 269 (Ind. Ct. App. 2007), trans. denied. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. Id.

Laich argues that the trial court failed to acknowledge his remorse. The State argues that Laich's expression of remorse was a mere three sentences spoken at his sentencing hearing and the trial court did not abuse its discretion in failing to find this brief expression of remorse to be a mitigating factor.

8

A trial court's determination of a defendant's remorse is similar to a determination of credibility. Pickens v. State, 767 N.E.2d 530, 534-535 (Ind. 2002). Without evidence of some impermissible consideration by the court, we accept its determination of credibility. Id. The trial court is in the best position to judge the sincerity of a defendant's remorseful statements. Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), trans. denied.

At sentencing, Laich apologized, stating that he knew it was wrong and that "[i]f [he] could take it back, [he] would." Transcript at 53. The court was able to consider Laich's statements, and based upon our review of the sentencing transcript and record we cannot say that the trial court abused its discretion by not finding Laich's alleged remorse to be a mitigating circumstance. See Stout, 834 N.E.2d at 711 (addressing the defendant's argument that the trial court had overlooked his remorse as a mitigating factor and holding that the court did not err in not finding the defendant's alleged remorse to be a mitigating factor). To the extent that Laich argues that the trial court improperly assessed the weight to be assigned to his guilty plea and admission of responsibility, we note that such an argument is, in essence, a request for this court to reweigh those factors, which we may not do. See Anglemyer, 868 N.E.2d at 490-491.

Laich also argues that the trial court abused its discretion by acknowledging that there was a history of mental illness but failing to find that it was a mitigating factor. The State argues that no formal diagnosis of mental illness was presented to the trial court and although counsel credits Laich's mental illness for his frequent contact with law enforcement, no clear nexus is established, nor is one supported by the record. In his

9

reply brief, Laich argues that his mental illness was "acknowledged by all, even if it had not been properly diagnosed." Appellant's Reply Brief at 3.

"[M]ental illness at the time of the crime may be considered a significant mitigating factor." Castor v. State, 754 N.E.2d 506, 509 (Ind. 2001). The Indiana Supreme Court has held that there is a need for "a high level of discernment when assessing a claim that mental illness warrants mitigating weight." Covington v. State, 842 N.E.2d 345, 349 (Ind. 2006). The following considerations are relevant when the trial court determines the significance of a defendant's mental illness for sentencing: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998). A trial court is not required to consider allegations of mental illness as a mitigator. James v. State, 643 N.E.2d 321, 323 (Ind. 1994).

The presentence investigation report reveals that Laich stated that he was deemed bipolar in 2009 or 2010 by a psychologist while he was incarcerated in the Westville Correctional Facility and was prescribed medication. The letter from Dr. Caruana to the trial court stated that Laich had reported that he had been diagnosed with bipolar disorder. The record reveals a diagnostic formulation which indicates that Laich had been hospitalized for "ADHD" and had received prior mental health counseling or treatment for "SAA." Defendant's Exhibit 3. Under current mental status, the formulation indicates that Laich's thought form was coherent, his thought of content was

appropriate, his insight was good, and his behavior was appropriate. The record does not reveal evidence regarding the overall limitations on Laich due to his mental health issues or the extent of any nexus between the disorder or impairment and the commission of the crime. We cannot say that the trial court abused its discretion by failing to recognize Laich's mental health as a mitigator. See, e.g., Wooley v. State, 716 N.E.2d 919, 931 (Ind. 1999) (holding that the trial court did not abuse its discretion by determining that the defendant's mental illness was not a mitigating factor), reh'g denied.

## II.

The next issue is whether Laich's sentence is inappropriate in light of the nature of the offense and the character of the offender.[3] Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Laich argues that "there is nothing that suggests this crime is particularly egregious or elevates it beyond a typical or 'garden variety' offense." Appellant's Brief at 15. Laich contends that his mental illness played a great part in committing the

---

[3] Laich cites Article 1, Section 18 of the Indiana Constitution and argues that "[t]he principles of reformation will be met even if this Court revises the term of years to the advisory term of imprisonment." Appellant's Brief at 18. To the extent that Laich suggests that his sentence violates Article 1, Section 18 of the Indiana Constitution, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice," we note that the Indiana Supreme Court has held that "particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code as a whole and does not protect fact-specific challenges." Ratliff v. Cohn, 693 N.E.2d 530, 542 (Ind. 1998), reh'g denied.

offense. Laich also argues that his criminal history is not causally connected to the elements of the instant offense, that he pled guilty, and that he cooperated with the police. The State argues that his sentence is not inappropriate given the serious nature of the crime, Laich's poor character, and prior attempts at leniency.

Our review of the nature of the offense reveals that Laich argued with his eighty-one-year-old grandmother, punched her, knocking her to the floor, wrapped a dog leash around her neck, and choked her until she was unconscious. Laich then turned on the gas burner on the stove and left the house.

Our review of the character of the offender reveals that Laich stated that he was deemed bipolar. The presentence investigation report reveals that Laich has a history of substance abuse. Laich started using Xanax when he was seventeen years old which evolved into a daily routine. Laich admitted to having an addiction, but has never sought or received substance abuse treatment.

Laich pled guilty to aggravated battery as a class B felony, and the State dismissed charges of attempted murder, robbery as a class A felony, two counts of criminal confinement as class B felonies, criminal confinement as a class C felony, battery as a class C felony, intimidation as a class D felony, theft as a class D felony, and a theft charge under another cause number. Laich cooperated with the police by giving a statement. Laich has convictions for invasion of privacy in 2007, invasion of privacy in 2008, and escape in 2009. Between 2007 and 2010, Laich was charged with multiple counts of invasion of privacy, battery, criminal mischief, theft, and multiple counts of invasion of privacy. Laich was provided the benefit of probation on both of his felony

12

convictions, but violated probation in 2007 and 2008, and was on probation at the time of the offense. At the sentencing hearing, the court stated: "Any attempt to try to give you leniency absolutely has not worked." Transcript at 57. After due consideration, we conclude that Laich has not sustained his burden of establishing that his sentence of seventeen years is inappropriate in light of the nature of the offense and his character.

For the foregoing reasons, we affirm Laich's sentence for aggravated battery as a class B felony.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.