**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 17 2014, 6:22 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOSEPH P. HUNTER**
Quirk & Hunter, PC
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| UTAH DOCKERY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1407-CR-494 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-1112-FA-20

**December 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Utah Dockery, Jr., appeals the sentence the trial court imposed following his guilty plea to one count of dealing in cocaine, a Class A felony. Ind. Code § 35-48-4-1 (2006). We affirm.

## ISSUE

Dockery raises one issue, which we restate as: whether his sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On December 8 and December 12, 2011, the State, through a confidential informant, purchased cocaine from Dockery at his home. The police obtained a search warrant for the home and executed it on December 12. During the search, officers found over sixteen grams of cocaine and $1759, which included marked bills that had been used in one of the controlled buys.

The State charged Dockery with three counts of dealing in cocaine, all Class A felonies, and one count of maintaining a common nuisance, a Class D felony. The State also filed a Notice to Seek Habitual Substance Offender Status. Later, the State reduced two of the counts of dealing in cocaine to Class B felonies.

Dockery was released on bail while the case progressed. Dockery was subsequently arrested based on allegations that he had again sold cocaine to a confidential informant.

Three days before the trial date, the parties submitted a written plea agreement. Pursuant to the agreement, Dockery agreed to plead guilty to one count of dealing in

2

cocaine as a Class A felony. The State agreed to dismiss the remaining charges and to refrain from filing charges in relation to the alleged drug buy that occurred while Dockery was free on bail. The parties further agreed that Dockery would serve a maximum forty year sentence, and that he could request sentence modification after serving twenty years.

The trial court accepted the plea agreement and sentenced Dockery to thirty-five years. This appeal followed.

DISCUSSION AND DECISION

Dockery asks this Court to reduce his sentence. Article 7, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Indiana Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if "after due consideration of the trial court's decision," the sentence is inappropriate "in light of the nature of the offense or the character of the offender."

Sentencing review under Appellate Rule 7(B) is very deferential to the trial court. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The principal role of such review is to attempt to leaven the outliers. *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Rice*, 6 N.E.3d at 946.

We first identify the sentence. At the time Dockery committed his offense, the maximum sentence for a Class A felony was fifty years, the minimum sentence was twenty years, and the advisory sentence was thirty years. Ind. Code § 35-50-2-4 (2005).

3

The parties negotiated a cap of forty years. The trial court imposed a sentence of thirty-five years, five years above the advisory but five years below the negotiated maximum.

Next, we consider the nature of the offense. At the time of Dockery's arrest, the police found sixteen grams of cocaine in his residence, more than five times the amount necessary to commit dealing in cocaine as a Class A felony. Ind. Code § 35-48-4-1. Through a confidential informant, the police had conducted two controlled buys with Dockery.

Dockery argues that the nature of the offense was not violent or "heinous," and was based on evidence gathered "inside his house." Appellant's Br. p. 7. We disagree. Dockery admitted to dealing in cocaine within 1,000 feet of a public housing complex, and his actions had the potential to inflict substantial harm upon his community.

We next consider the character of the offender. Dockery was sixty-one years old at sentencing. His criminal record includes two prior convictions for dealing in cocaine, both Class B felonies, a conviction for possession of cocaine, a Class D felony, and convictions for public intoxication and criminal mischief, both Class B misdemeanors. Further, while he was out on bond during this case, he was arrested again, allegedly for dealing in cocaine. It is troubling that he continues to deal in cocaine despite prior punishments for that offense.

Dockery notes that he has a lengthy history of substance abuse. However, in this case he pleaded guilty to dealing in cocaine, not possession of cocaine. Not all users of cocaine commit the offense of dealing in cocaine, but Dockery dealt in cocaine multiple

4

times. Further, in the past Dockery was offered substance abuse treatment, and he did not avail himself of opportunities to change his behavior.

Dockery has a large number of illnesses, including degenerative nerve disease, diabetes, hypertension, and depression, and contends that these conditions require sentence revision. We disagree. None of these conditions prevented him from dealing in cocaine. In addition, Dockery may obtain better treatment for these conditions during incarceration, because the record shows that at the time of his arrest, his home lacked electrical service and he lived in "deplorable circumstances." *Id.* at 26.

Dockery has not met his burden of persuading us that his thirty-five year sentence is inappropriate. *See Delao v. State*, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011) (sentence for dealing in cocaine determined not to be inappropriate where defendant possessed quantities of cocaine well above the level required to establish a Class A felony offense and defendant had a lengthy criminal history), *trans. denied*; *Hale v. State*, 875 N.E.2d 438, 446 (Ind. Ct. App. 2007) (sentence for dealing in cocaine determined not to be inappropriate where defendant's criminal history included multiple cocaine-related offenses), *trans. denied*.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

Affirmed.

BAILEY, J., and CRONE, J., concur.

5