Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2015, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL BROWN, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 84A04-1407-CR-337 |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1212-FC-3781

**January 14, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Michael Brown appeals his two-year executed sentence to be served in the Department of Correction for Class D felony disseminating a matter harmful to minors.[1] Specifically, he contends that his sentence is inappropriate because he was ordered to serve it at the Department of Correction rather than on home detention.

We affirm.

The sole issue for our review is whether Brown's executed sentence to the DOC is inappropriate.

In July 2012, seven-year-old B.M. was observed kissing and inappropriately touching another girl at her daycare. When confronted by a daycare worker, B.M. explained that Brown, who was her mother's thirty-nine-year-old boyfriend, had done those things to her and had shown her movies about them as well. The daycare worker told B.M.'s mother what had happened, and B.M.'s mother notified the police. B.M. told the police interviewer that Brown had shown her pornographic movies and inappropriately touched her.

The State charged Brown with child molesting as a Class C felony and dissemination of matter harmful to minors as a Class D felony. Brown agreed to plead guilty to the Class D felony, and the State agreed to dismiss the Class C felony and limit the executed portion of Brown's sentence to two years. Under the terms of the plea agreement, the parties were free to argue placement.

Evidence at the hearing revealed that Brown has an extensive criminal history that includes eleven misdemeanor convictions and six felony convictions, which include

---

[1] Ind. Code § 35-49-3-3 (2006).

convictions for possession of methamphetamine as a Class D felony, obstructing justice as a Class D felony, two counts of forgery as Class C felonies, dealing methamphetamine as a Class B felony, and non-support of a dependent child as a Class C felony. His prior sentences have included time in both jail and prison as well as terms of both formal and informal probation. Brown has also had multiple probation violations filed against him over the years. The evidence also revealed that the victim was under the age of twelve and that Brown held a position of trust with the victim.

At the hearing, the State argued that Brown should be ordered to serve the executed portion of his sentence at the Department of Correction. Brown, on the other hand, argued that said placement creates an undue hardship and he should be placed on home detention so that he could continue to support his family. The trial court ordered Brown to serve his executed sentence at the Department of Correction, and he appeals.

Brown's sole argument is that his executed sentence is inappropriate because he was ordered to serve it at the Department of Correction rather than on home detention. Article VII, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Indiana Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if after due consideration of the trial court's decision, the sentence is inappropriate in light of the nature of the offense and the character of the offender. In determining whether a sentence is inappropriate, this Court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

Brown bears the burden on appeal of persuading us that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The location where a sentence is to be served is an appropriate focus for our review and revise authority. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). We note, however, that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Id.* at 267. This is because the question under Appellate Rule 7(B) is not whether another sentence is more appropriate. *Id.* at 268. Rather, the question is whether the sentence imposed is appropriate. *Id.* A defendant challenging the placement of a sentence must convince us that the placement is itself inappropriate. *Id.*

As to the nature of the offense, thirty-nine-year-old Brown showed a pornographic video to his girlfriend's seven-year-old daughter. As to the character of the offender, we note that the significance of a criminal history in assessing a defendant's character is based on the gravity, nature and number of prior offenses in relation to the current offense. *Moss v. State*, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014), *trans. denied*. Here, Brown has an extensive criminal history that includes eleven misdemeanor convictions and six felony convictions as well as several probation violations. Clearly, Brown has not reformed his criminal behavior despite his numerous contacts with the criminal justice system, and his history of probation violations indicates that he is a poor candidate for home detention. Considering the nature of the offense and Brown's character, Brown has not met his burden of persuading this Court that serving his sentence at the Department of Correction is inappropriate.

4

Affirmed.

KIRSCH, J., and BARNES, J., concur.