## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 03 2015, 6:02 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeremy K. Nix | Gregory F. Zoeller |
| Matheny, Hahn, Denman & Nix, L.L.P. | Attorney General of Indiana |
| Huntington, Indiana | |
| | Angela N. Sanchez |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Cruz, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 3, 2015 <br><br> Court of Appeals Case No. <br> 90A05-1501-CR-13 <br><br> Appeal from the Wells Circuit Court. <br> The Honorable Kenton W. Kiracofe, Judge. <br> Cause Nos. 90C01-1406-FD-43, <br> 90C01-1408-F4-1 |

**Sullivan, Senior Judge**

[1] David Cruz, Jr., appeals the sentence the trial court imposed for his conviction of domestic battery, a Class D felony,[1] and two convictions of burglary, both Level 4 felonies.[2] We affirm.

[2] On June 21, 2014, Cruz and his wife were visiting friends. As they talked in their friends' backyard, Cruz and his wife got into an argument. Cruz struck his wife in the face, resulting in pain and bodily injury. Their friends' nine-year-old child witnessed Cruz's attack.[3] On June 24, 2014, the State charged Cruz with domestic battery and criminal trespass under Cause Number 90C01-1406-FD-43 (FD-43). The State also filed a Notice of Intent to Seek Habitual Offender Status. On July 15, 2014, Cruz was released on bond pending trial.

[3] Next, between August 4 and August 6, 2014, Cruz broke into the houses of Jodi Caylor and Kevin Gerber and stole items including a television set, numerous bottles of alcohol, and frozen food. In addition, Cruz stole jewelry from Caylor's home and gave it to his wife.

[4] Both of the burglary victims knew Cruz prior to the crimes. Gerber had given Cruz a ride home from his house in June 2014, immediately prior to Gerber being incarcerated in the county jail. Gerber was still in jail when the burglary

---

[1] Ind. Code § 35-42-1-1.3 (2012).

[2] Ind. Code § 35-43-2-1 (2014).

[3] In his Appellant's brief, Cruz describes the child as being six or seven years old at the time of the offense. The State describes the child as being eight years old. However, the charging information states, without contradiction elsewhere in the record, that the child was born on March 25, 2005, so the child was nine years old on June 21, 2014.

occurred. On July 19, 2014, Cruz stopped by Caylor's house to ask if she was having a garage sale and if anyone was living in her house. Caylor was disturbed by the encounter and had emailed the Bluffton Police Department about it prior to the burglary.

An identification card bearing Cruz's name was found in Gerber's house after the burglary. After receiving the card, officers went to Cruz's home and found property that had been taken from Caylor's and Gerber's houses. On August 11, 2014, the State charged Cruz with two counts of burglary, both Level 4 felonies, under Cause Number 90C01-1408-F4-1 (F4-1). On August 14, 2014, the State filed a Notice of Intent to Seek Habitual Offender Status.

Subsequently, Cruz and the State executed a plea agreement. Cruz agreed to plead guilty to domestic battery in FD-43 and two counts of burglary in F4-1. In exchange, the State agreed to dismiss the count of criminal trespass in FD-43 and the habitual offender enhancements in both cases. Sentencing would be left to the discretion of the court, except that the parties agreed that Cruz would pay Gerber $1,000 in restitution.

The trial court accepted the plea agreement and took it under advisement. After a sentencing hearing, the court sentenced Cruz to serve three years for domestic battery and ten years for each burglary. The sentences were to be served consecutively, for an aggregate sentence of twenty-three years. The court also ordered Cruz to pay restitution to Gerber. This appeal followed.

Cruz raises two issues, which we restate as:

I.    Whether the trial court abused its discretion in sentencing Cruz.

II.   Whether Cruz's sentence is inappropriate in light of the nature of the offense or the character of the offender.

## A. Sentencing Discretion

In general, a trial court may impose any sentence that is authorized by statute and complies with the Indiana Constitution. Ind. Code § 35-38-1-7.1 (2014). Before sentencing a person for a felony, the court must conduct a hearing and issue a statement of the court's reasons for selecting the sentence it imposed. Ind. Code § 35-38-1-3 (1983).

Sentencing decisions are reviewed on appeal only for an abuse of discretion.[4] *Rice v. State*, 6 N.E.3d 940, 943 (Ind. 2014). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

A trial court may abuse its sentencing discretion by, among other circumstances: (1) failing to enter a sentencing statement at all; (2) entering a

---

[4] In 2014, the Indiana General Assembly substantially revised Indiana's criminal laws, including the classification of, and sentences for, criminal offenses. Cruz committed his burglaries after the revised criminal code took effect, so his sentences for those offenses are subject to the revised statutes. *See Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("Generally speaking, the sentencing statutes in effect at the time the defendant committed the offense govern the defendant's sentence"), *trans. denied*. Neither party claims that the new criminal code affects our standards of review for resolving sentencing claims. To the contrary, both parties cite the well-established standards of review set forth by the Indiana Supreme Court. We shall do the same.

statement that explains the reasons for imposing a sentence where the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) citing reasons that are improper as a matter of law. *Id.* at 490-91.

[12] Cruz argues that the trial court abused its discretion by citing as an aggravating factor that Cruz's act of domestic battery was a "crime of violence" committed in the presence of an individual "who is less than 18 years of age and was not the victim of the offense." Tr. p. 34. The State agrees that the trial court erred because domestic battery is not a "crime of violence" per the Indiana statute that defines that phrase for purposes of sentencing. Appellee's Br. p. 8 (citing Ind. Code § 35-50-1-2).

[13] The State argues that even though one of the aggravating factors cited by the trial court is invalid, the Court should still affirm Cruz's sentence. If a trial court has cited an improper aggravating factor, we will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013).

[14] The trial court identified two other statutory aggravating factors: (1) Cruz's extensive criminal history; and (2) Cruz's violation of conditions of probation or pretrial release. He was released on bond in FD-43 when he committed the two burglaries at issue in F4-1. In addition, the trial court accepted "all of the non-statutory aggravating factors" the State presented at sentencing. Tr. p. 35.

The State cited as non-statutory aggravating factors: (1) Cruz poses a high risk to reoffend; (2) Cruz is in arrears on child support; (3) Cruz continues to abuse alcohol and controlled substances; and (4) despite pleading guilty, Cruz attempted to dodge responsibility for his crimes. It appears that the trial court also found as an aggravating circumstance of the burglaries that Cruz "had contact with both of the victims before the crimes occurred." *Id.* at 35. The court also noted that Cruz's burglaries had multiple victims, stating: "I don't know why you get a break because you commit two different burglaries in short proximity to each other. You shouldn't. You committed two different burglaries, two different victims . . . ." *Id.* at 36. Cruz does not challenge any of these aggravating factors on appeal.

[15] As for mitigating factors, the court determined that Cruz's guilty plea was a mitigating factor but did not "place much weight on" it because the evidence against Cruz was strong and he received a significant benefit from the plea agreement. *Id.* at 35.

[16] In addition, the record is clear that the trial court was initially inclined to give Cruz a more severe sentence than the twenty-three-year sentence that was ultimately imposed. The court stated, "I'm having a hard time not figuring out how I shouldn't accept the State's recommendation that you get 27 years for these offenses." *Id.* Considering the numerous unchallenged aggravating circumstances and the trial court's comments, we are confident that the court would have imposed the same sentence even without the invalid aggravating circumstance. *See Barnhart v. State*, 15 N.E.3d 138, 146 (Ind. Ct. App. 2014)

(remand for resentencing unnecessary because unchallenged aggravators would have caused the trial court to impose the same sentence).

[17] Cruz also argues that the trial court abused its discretion in ordering him to serve his burglary sentences consecutively, claiming that the court failed to cite an aggravating factor to support that determination. We disagree. The court noted that Cruz's crimes had multiple victims. This is a sufficient aggravating factor. *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) ("Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses"). The trial court did not abuse its discretion.

## B. Appropriateness of Sentence

[18] Cruz argues that neither the nature of his crimes nor his character justifies a twenty-three-year aggregate sentence. He does not propose a specific sentence reduction.

[19] A sentence may be revised on appeal, even where a trial court sentences a defendant within its discretion and in a manner authorized by statute, if the appellant demonstrates the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (citing Ind. Appellate Rule 7(B)).

[20] Sentence review under Appellate Rule 7(B) is "very deferential to the trial court." *Id.* Our principal role is to "leaven the outliers" rather than necessarily achieve a perceived "correct" result. *Id.* In determining whether a sentence is

inappropriate, the court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and other factors that come to light in a given case. *Moss v. State*, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014), *trans. denied*.

[21] We first note Cruz's sentence. At the time he committed domestic battery, the minimum sentence for a Class D felony was six months, the maximum sentence was three years, and the advisory sentence was one and one-half years. Ind. Code § 35-50-2-7 (2013). At the time he committed his burglaries, the minimum sentence for a Level 4 felony was two years, the maximum sentence was twelve years, and the advisory sentence was six years. Ind. Code § 35-50-2-5.5 (2014). Cruz received the maximum sentence for domestic battery and ten years for each burglary, all to be served consecutively, for an aggregate sentence of twenty-three years.

[22] Turning to the nature of the offenses, Cruz struck his wife while they were visiting friends. The child that witnessed the battery was only nine years old, which is far younger than the maximum age of eighteen years allowed by statute. Cruz was intoxicated. In addition, although Cruz pleaded guilty, he claimed that he struck his wife only after she "came at [him]" and that he had previously warned her not to "get[ ] in his face." Appellant's App. p. 294. Such statements indicate that Cruz has not taken responsibility for his misconduct.

[23] As for the burglaries, Cruz chose victims he knew. The victims were particularly vulnerable. Caylor was not living in her home at the time of the

burglary due to fire damage. Similarly, Gerber was incarcerated and was not at his home. Cruz was intoxicated when he committed the burglaries, and at that time he was free on bond in FD-43. Finally, although Cruz pleaded guilty to both burglaries, he insisted that he was only a lookout for others who broke into the homes. Cruz's identification card was found in Gerber's house, and the vast majority of the stolen goods were found in his possession. In light of this evidence, Cruz's claim to have been a mere lookout further indicates that he has not taken responsibility for his actions.

[24] Cruz argues that the overall value of the stolen items was minimal and that most of them were returned to their owners. While this is true, we find it troubling that Cruz stole a sizable quantity of alcohol from Caylor's home because abuse of alcohol has played a major role in Cruz's criminal history.

[25] Turning to the character of the offender, Cruz was forty-three years old at sentencing. He has eight prior felony convictions, including two for burglary, unauthorized use of a vehicle, delivery of marijuana, two for operating a vehicle with an ACE of .08 or more, domestic battery, and operating a vehicle after being adjudged an habitual traffic offender. He also has misdemeanor convictions for possession of marijuana, assault, tampering with government records, operating while intoxicated with a previous conviction, resisting law enforcement, and operating a vehicle with an ACE of .15 or more. He steadily accrued his convictions over time, apparently unable to go longer than five years without committing new crimes. It is significant that Cruz has committed

burglary and domestic battery in previous cases, demonstrating that he is unwilling to reform.

[26] Cruz violated the terms of probation in four different cases. His repeated failures to take advantage of probation demonstrate that leniency has not worked. In addition, Cruz has been in treatment for substance abuse on three separate occasions, but he continues to abuse alcohol, which played a role in his current crimes.

[27] Cruz claims that he has a steady employment history and cooperated with authorities investigating the burglaries. His laudable work record did not deter him from committing the present, serious offenses. Furthermore, by the time Cruz spoke with the officers about the burglaries, they had already discovered the stolen property at his home. Thus, his "cooperation" amounted to little more than a confession in the face of substantial evidence. Cruz has failed to demonstrate that his twenty-three-year sentence is inappropriate in light of the nature of the offenses or his character.

[28] For the reasons stated above, we affirm the judgment of the trial court.

[29] Affirmed-Sullivan, Senior Judge

Vaidik, C.J., and Pyle, J., concur.