## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 14 2020, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derek Hicks,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 14, 2020

Court of Appeals Case No.
20A-CR-1347

Appeal from the Vermillion Circuit Court

The Honorable Robert M. Hall, Judge

Trial Court Cause No.
83C01-1706-F6-124

**Tavitas, Judge.**

# Case Summary

[1] Derek Hicks appeals his sentence resulting from his guilty plea to Count I, resisting law enforcement, a Level 6 felony; Count II, possession of methamphetamine, a Level 6 felony; and Count IV, criminal recklessness, a Level 6 felony. We affirm.

# Issue

[2] Hicks raises a single issue which we restate as whether his sentence was inappropriate in light of the nature of the offenses and his character.

# Facts[1]

[3] On June 13, 2017, Officer Brandon Mahady with the Clinton City Police Department observed a red Dodge Avenger "travelling faster than the normal flow of traffic." Appellant's App. p. 27. Officer Mahady observed a non-operative brake light on the vehicle and "used his lights and sirens," in an attempt to effectuate a traffic stop. Tr. Vol. II p. 7. The driver, later identified as Hicks, however, used his "vehicle to flee from [Officer Mahady,] a law

---

[1] Both Hicks and the State draw the facts in their briefs almost exclusively from the probable cause affidavit ("PC Affidavit") underlying the arrest warrant; the factual basis elicted at the plea hearing consisted of a mere reading of the charging information documents. The record, however, is devoid of evidence that the PC Affidavit was ever admitted into evidence, that the trial court judge ever took judicial notice of it, or that the parties stipulated to the "facts" it contains. Moreover, although the PC Affidavit is generally part of the pre-sentence investigation report ("PSI") and the defendant has the opportunity to dispute information in the PSI, no PSI was prepared in this case. *See* Ind. Code § 35-38-1-8. As such, the uncorroborated allegations in the PC Affidavit are not part of the evidentiary record and do not constitute "facts" for purposes of appellate review. Nevertheless, given that Hicks himself relies on the "facts" therein, we will, in limited part, do the same for our own recitation of the facts.

enforcement officer." *Id.* The ensuing chase was lengthy, with speeds in excess of one hundred miles per hour, and Hicks narrowly missed collisions with other drivers, pedestrians, and a gas pump. At one point during the chase, Officer Mahady observed Hicks throw a clear plastic bag out of the driver's side window. The bag, which was subsequently recovered and tested, was revealed to contain methamphetamine. The chase culminated in Hicks driving onto a dirt gravel road. In the ensuing dust cloud, Officer Mahady lost visual contact with Hicks, and Hicks abandoned the vehicle and fled.

[4] After investigating the identity of the driver, on June 15, 2017, the State filed the following charges against Hicks: Count I, criminal recklessness, a Level 6 felony; Count II, possession of methamphetamine, a Level 6 felony; three counts (Counts III, IV, and V) of criminal recklessness, Level 6 felonies; and Count VI, driving while suspended, a Class A misdemeanor. An arrest warrant was served on Hicks on October 31, 2018.

[5] At a change of plea hearing on August 14, 2019, the State indicated that it had reached a plea agreement with Hicks, wherein Hicks would plead guilty to Counts I, II, and IV, and serve consecutive sentences of 365 days for each, for an aggregate sentence of 1095 days. In exchange, the State agreed to drop the remaining counts. The trial court accepted the plea agreement and then requested a criminal history report for Hicks, rather than a pre-sentence investigation report. *See* Ind. Code § 35-38-1-8 (providing that a PSI is not required if none of the charges exceeds a Level 6 felony).

On January 15, 2020, Hicks failed to appear for his sentencing hearing. His attorney reported that Hicks had been present at the courthouse, and then absconded. At the rescheduled sentencing hearing on June 10, 2020, Hicks did not present any evidence, nor did he object to the contents of the criminal history report. Hicks requested home detention. In light of Hicks' criminal history and the absence of evidence of any mitigating factors, the trial court denied Hicks' request and imposed consecutive 365-day sentences for each of the three Level 6 felony convictions, for a cumulative sentence of 1095 days. Hicks now appeals.

## Analysis

Hicks argues that his sentence is inappropriate in light of the nature of the offenses and his character. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* Ind. Const. art. 7, §§ 4, 6; *Jackson v. State*, 145 N.E.3d 783, 784 (Ind. 2020). Our Supreme Court has implemented this authority through Indiana Appellate Rule 7(B), which allows this Court to revise a sentence when it is "inappropriate in light of the nature of the offense and the character of the offender." Our review of a sentence under Appellate Rule 7(B) is not an act of second guessing the trial court's sentence; rather, "[o]ur posture on appeal is [ ] deferential" to the trial court. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (citing *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014)). We exercise our authority under Appellate Rule 7(B) only in "exceptional cases, and its exercise 'boils down to

our collective sense of what is appropriate.'" *Mullins v. State*, 148 N.E.3d 986, 987 (Ind. 2020) (quoting *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019)).

[8] "'The principal role of appellate review is to attempt to leaven the outliers.'" *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The point is "not to achieve a perceived correct sentence." *Id*. "Whether a sentence should be deemed inappropriate 'turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Id*. (quoting *Cardwell*, 895 N.E.2d at 1224). Deference to the trial court's sentence "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). In the case at bar, Hicks pleaded guilty to three Level 6 felonies, and recieved a one-year sentence for each. Indiana Code Section 35-50-2-7 provides that anyone convicted of a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½ ) years, with the advisory sentence being one (1) year."

[10] Our analysis of the "nature of the offense" requires us to look at the nature, extent, and depravity of the offense. *Sorenson v. State*, 133 N.E.3d 717, 729 (Ind. Ct. App. 2019), *trans. denied*. With regard to the nature of the crimes, Hicks led police in an extended and reckless high speed chase, which damaged property, and endangered the lives of numerous innocent individuals. Moreover, Hicks possessed and attempted to dispose of methamphetamine. He then abandoned the vehicle and fled, eluding capture for well over a year.

[11] Our analysis of the character of the offender involves a "broad consideration of a defendant's qualities," *Adams v. State*, 120 N.E.3d 1058, 1065 (Ind. Ct. App. 2019), including the defendant's age, criminal history, background, and remorse. *James v. State*, 868 N.E.2d 543, 548-59 (Ind. Ct. App. 2007). The record contains little evidence concerning Hicks' character, save that he absconded from his first scheduled sentencing hearing and has an extensive criminal history. "The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, proximity, and number of prior offenses in relation to the current offense." *Sandleben v. State*, 29 N.E.3d 126, 137 (Ind. Ct. App. 2015) (citing *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind. 2006)), *trans. denied*. "Even a minor criminal history is a poor reflection of a defendant's character." *Prince v. State*, 148 N.E.3d 1171, 1174 (Ind. Ct. App. 2020) (citing *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*). Hicks' wide-ranging criminal history, according to the criminal history report ordered by the trial court, includes at least eight felonies, eight misdemeanors, multiple bouts of

incarceration, four probation revocations, and four juvenile offenses, two of which would have been felonies if they were committed by an adult.

[12] Hicks argues that he "was employed at the time of the offense, had never had the benefit of a court drug treatment program and was responsible for a dependent. He admitted guilt without having to require the State and the Trial Court to go through a lengthy trial." Appellant's Br. p. 6. We are unmoved. The nature, length, and severity of Hicks' criminal history are not offset by the facts to which he refers us. Hicks' sentence was not inappropriate in light of his character and the nature of the offenses.

## Conclusion

[13] Hicks' sentence was not inappropriate. Accordingly, we affirm.

Bailey, J., and Robb, J., concur.