## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2015, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Brewster,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 20, 2015

Court of Appeals Cause No.
01A02-1408-CR-559

Appeal from the Adams Superior Court.
The Honorable Patrick R. Miller, Judge.
Cause Nos. 01D01-1309-FD-138 and 01D01-1312-FD-184

**Sharpnack, Senior Judge**

## Statement of the Case

[1] David A. Brewster appeals the four and one-half year executed sentence

imposed after he pleaded guilty to domestic battery as a Class D felony[1] and disorderly conduct as a Class B misdemeanor[2] under Cause Number 138 and domestic battery as a Class D felony[3] and invasion of privacy as a Class A misdemeanor[4] under Cause Number 184. We affirm.

## Issues

I.    Whether the trial court erred in sentencing Brewster; and

II.    Whether his sentence is inappropriate.

## Facts and Procedural History

In September 2013, Brewster and J.W., who have been involved in a relationship for nine years and have three children together, had a disagreement, and Brewster hit J.W. in the face. When police officers arrived at the scene, Brewster refused to stop yelling when asked to do so. The State charged Brewster with domestic battery as a Class D felony and disorderly conduct as a Class B misdemeanor under Cause Number 138, and the trial court issued an order prohibiting Brewster from having contact with J.W.

---

[1] Ind. Code § 35-42-2-1.3 (2012).

[2] Ind. Code § 35-45-1-3 (2006).

[3] Ind. Code § 35-42-2-1.3

[4] Ind. Code § 35-46-1-15.1 ( 2010).

[3] Two months later, while violating the no-contact order, Brewster and J.W. argued, and Brewster smacked J.W. on the leg and face in the presence of one of their children. The State charged Brewster with domestic battery as a Class D felony and invasion of privacy as a Class A misdemeanor for knowingly violating the protective order.

[4] In June 2014, Brewster pleaded guilty to all charges in a consolidated guilty plea hearing. In July 2014, the trial court held a consolidated sentencing hearing. Evidence admitted at the hearing revealed that twenty-eight-year-old Brewster has a fourteen-year criminal history that includes five juvenile delinquency adjudications for incorrigibility, battery resulting in bodily injury, failure to stop at the scene of an accident resulting in damage, operating a vehicle without ever receiving a license, and illegal consumption of an alcoholic beverage. In addition, Brewster violated the terms of probation imposed following each of these adjudications.

[5] Brewster's adult criminal history includes misdemeanor convictions for illegal consumption of an alcoholic beverage, operating a vehicle while intoxicated endangering a person, resisting law enforcement, interfering with a drug or alcohol screening test, and public intoxication endangering a person's life as well as felony convictions for operating while intoxicated, theft, and domestic battery. Brewster has been placed on probation five times, and violated the terms of his probation each time.

[6] After the presentation of evidence at the sentencing hearing, the trial court found the following aggravating circumstances: 1) Brewster's criminal history, which shows a pattern of being unable to obey the law and of being violent and abusive; 2) Brewster was out on bond for the first domestic battery charge when he committed the second one; 3) Brewster violated the terms of his bond release by violating the no-contact order; 4) the victim was the same in both domestic battery cases and she was also the victim in Brewster's prior domestic battery conviction; and 5) Brewster has a habit of violating probation fairly quickly after being placed on probation. The trial court did not find Brewster's guilty plea to be a mitigating factor.

[7] At the close of the sentencing hearing, the trial court remarked that in the six years he has been a judge, Brewster might "be the one of the worst or the worst I've seen in this category for what you do." Tr. p. 78. Immediately thereafter, the trial court sentenced Brewster to 730 days for the domestic battery conviction in Cause Number 138 but imposed no sentence for the disorderly conduct conviction. The trial court further sentenced Brewster to 915 days for the domestic battery conviction in Cause Number 184 and 365 days for the invasion of privacy conviction with the sentences to run concurrently with each other and consecutively to the 730-day sentence in Cause Number 184, for a total executed sentence of 1645 days or four and one-half years. Brewster appeals his sentence.

# Discussion and Decision

## I. Aggravating and Mitigating Factors

A trial court's sentencing order is reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its sentencing discretion in a number of ways, including: 1) failing to enter a sentencing statement; 2) entering a sentencing statement that includes aggravating and mitigating factors that are not supported by the record; 3) entering a sentencing statement that omits reasons that are clearly supported by the record; or 4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.*

### A. Mitigating Factors

Brewster argues that the trial court erred in failing to find that his guilty plea was a mitigating circumstance. An allegation that a trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Powell v. State*, 769 N.E.2d 1128, 1135 (Ind. 2002). The trial court is not obligated to accept the defendant's contention as to what constitutes a mitigating circumstance. *Id.*

[10] We acknowledge that a defendant who pleads guilty deserves to have at least some mitigation extended to the guilty plea. *Lavoie v. State*, 903 N.E.2d 135, 143 (Ind. Ct. App. 2009). However, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence is such that the decision to plead guilty is merely a pragmatic one. *Id.*

[11] Here, the evidence of Brewster's guilt was overwhelming. A review of the probable cause affidavit reveals the State had substantial evidence of his guilt, including eye witnesses to the domestic batteries. His decision to plead guilty was therefore likely a pragmatic one and not an expression of remorse. *See Wells v. State*, 836 N.E.2d 475, 479-80 (Ind. Ct. App. 2005), *trans. denied*. Under these circumstances, Brewster's guilty plea does not merit significant mitigating weight, and the trial court did not abuse its discretion.

## B. *Aggravating Factors*

[12] Brewster next argues that the trial court erred in finding his violation of the no-contact order in Cause Number 138 to be an aggravating circumstance. Specifically, he contends that his "violation of the 'no contact' order entered in [Cause Number 138] was the act which was the basis for the Invasion of Privacy count in [Cause Number 184]. . . . Thus, the trial court found as an aggravating circumstance the material elements of the Invasion of Privacy count." Appellant's Br. p. 8. However, our review of the sentencing hearing transcript reveals that the trial court did not find Brewster's violation of the no-contact order to be an aggravating circumstance. Rather, the trial court found

that the violation of the bond release was the aggravating circumstance. We find no error in this aggravator.

[13] Brewster also argues that the trial court erred in finding that he was "one of the worst or the worst I've seen in this category for what you do." Tr. p. 78. According to Brewster, the facts of this case "are less egregious than numerous Domestic Battery offenses." Appellant's Br. p. 9. The trial court made this statement at the conclusion of the sentencing hearing after it set forth the aggravating factors. We agree with the State that this statement simply "appears to be an explanation for why an executed sentence is appropriate here given the fact that Brewster has historically violated probation quickly, has exhibited a pattern of drug and alcohol use, and battered [J.W.] in front of their children." Appellee's Br. p. 10.

[14] Lastly, we note that even if the trial court overlooked a significant mitigating factor or found an inappropriate aggravating factor, a single aggravating circumstance is adequate to justify a sentence enhancement. *See Powell*, 769 N.E.2d at 1135. Here, Brewster's extensive fourteen-year criminal history, which includes five misdemeanors, three felonies, and several probation violations, supports his enhanced sentence.

## II.   Inappropriate Sentence

[15] Brewster next argues that his sentence is inappropriate. Article VII, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented

through Indiana Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if after due consideration of the trial court's decision, the sentence is inappropriate in light of the nature of the offense and the character of the offender. In determining whether a sentence is inappropriate, this Court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Brewster bears the burden on appeal of persuading us that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[16] In determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Id.* at 1081. The sentencing range for a Class D felony is between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7 ( 2013). Here the trial court imposed two years for one Class D felony and two and one-half years for the other. The trial court ordered the sentences to run consecutively for a four and one-half-year executed sentence.

[17] We now turn to the nature of the offenses. In Cause Number 138, Brewster hit J.W., the mother of his three children, in the face. When police officers arrived at the scene, Brewster refused to stop yelling when they asked him to do so. In Cause Number 184, while violating a no-contact order, Brewster smacked J.W. on the leg and face in the presence of their child.

[18] As to the character of the offender, we note that the significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense. *Moss v. State*, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014), *trans. denied*. Here, twenty-eight-year-old Brewster had a fourteen-year criminal history that includes three felony and five misdemeanor convictions as well as numerous probation violations. These are his second and third domestic battery convictions. He was out on bond for the second conviction when he committed the third conviction in violation of a no-contact order. All three convictions involve the same victim, who is the mother of his three children. Clearly, Brewster has not reformed his criminal behavior despite his numerous contacts with the criminal justice system. Considering the nature of the offense and Brewster's character, Brewster has not met his burden of persuading us that his sentence is inappropriate.

[19] Affirmed.

Bailey, J., and Brown, J., concur.