## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2020, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ryan M. Richison,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 13, 2020

Court of Appeals Case No.
20A-CR-62

Appeal from the Huntington
Circuit Court

The Honorable Davin G. Smith,
Judge

Trial Court Cause No.
35C01-1801-MR-2

**Bailey, Judge.**

# Case Summary

[1] Ryan Richison ("Richison") challenges his aggregate twenty-seven-year sentence for Voluntary Manslaughter,[1] Residential Entry,[2] and Criminal Mischief.[3] We affirm.

# Issues

[2] Richison presents two issues for review:

> I. Whether the trial court abused its discretion in the determination of aggravating and mitigating circumstances; and
>
> II. Whether his sentence is inappropriate.

# Facts and Procedural History

[3] Kali Swain ("Swain") hosted a party at her Huntington, Indiana residence to welcome the new year of 2018. Richison was one of about thirty guests. Soon after Richison's arrival at the party, another guest questioned him about his dating life, and Richison "put his fist through a wall." (Tr. Vol. V, pg. 33.) Another guest, Kyle Randall ("Randall"), took Richison outside to the porch;

---

[1] Ind. Code § 35-42-1-3.

[2] I.C. § 35-43-2-1.5.

[3] I.C. § 35-43-1-2.

they conversed for a while and Richison calmed down. Eventually, the two men hugged and returned to the party.

[4] Later, the subject of race relations was raised and Richison again became agitated. Randall again tried to calm Richison, but "it didn't work." (*Id.* at Vol. IV, pg. 76.) Randall urged Richison to "go outside and talk about this like grown men," but Richison refused. (*Id.* at Vol. 5, pg. 65.) The situation deteriorated until Randall's girlfriend, Katherine Mills ("Mills"), believed that "both wanted to fight each other." (*Id.* at 77.) Mills left the kitchen to retrieve Randall's belongings so that they could leave. When she returned, she saw that Randall had a profusely bleeding wound to his neck. The men scuffled over a knife before party guests were able to separate them. Randall lifted his shirt to display two abdominal wounds and said, "he stabbed me." (*Id.* at Vol. 4, pg. 80.) Randall then slid to the floor, unconscious.

[5] Swain and Mills called 9-1-1 but Randall died within minutes, having suffered a stab wound to his heart. Richison ran to the nearby residence of Gregory Hamilton ("Hamilton"), where he broke out a garage window to gain entry and hide inside. Hamilton confronted Richison and called police. Richison was arrested and charged with Murder, and the State later added charges of Residential Entry and Criminal Mischief.

[6] Richison was brought to trial before a jury on August 19, 2019. On August 23, the jury convicted Richison of Voluntary Manslaughter, Residential Entry, and Criminal Mischief. On December 13, 2019, the trial court entered an Amended

Sentencing Order, imposing upon Richison a term of twenty-five years imprisonment (with five years suspended) for Voluntary Manslaughter, a consecutive term of two years (with one year suspended) for Residential Entry, and a concurrent term of 180 days for Criminal Mischief. Richison now appeals.

# Discussion and Decision

## Abuse of Discretion

[7] Upon his conviction of Voluntary Manslaughter, a Level 2 felony, Richison faced a sentence of between ten and thirty years, with seventeen and one-half years as the advisory sentence. Ind. Code § 35-50-2-4.5. Upon his conviction of Residential Entry, a Level 6 felony, he faced a sentence of between six months and two and one-half years, with one year as the advisory sentence. I.C. § 35-50-2-7(b). Upon conviction of Criminal Mischief, a Class B misdemeanor, he faced a sentence of not more than 180 days. I.C. § 35-50-3-3. Richison's sentence of twenty-five years for Voluntary Manslaughter exceeded the advisory sentence by seven and one-half years, but five years were suspended to probation. His sentence of two years for Residential Entry exceeded the advisory sentence by one year, but that year was suspended to probation. In sentencing Richison, the trial court found Richison's criminal history and failure to benefit from court-ordered services as aggravators and found his potential to become a productive member of society in the future (as evidenced by his past hard work) to be a mitigating circumstance.

[8]     Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Accordingly, "[a] trial court's sentencing order will be reviewed for an abuse of discretion." *Rice v. State*, 6 N.E.3d 940, 943 (Ind. 2014). The Indiana Supreme Court has held that an abuse of discretion occurs in four ways, where the trial court: (1) fails to enter a sentencing statement; (2) cites an aggravating or mitigating factor that is not supported by the record; (3) fails to cite factors that are clearly supported by the record; and (4) relies on reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Richison argues that the trial court abused its sentencing discretion by considering his history of misdemeanor offenses and failing to consider his remorse and hardship to his minor child, previously in Richison's primary physical custody.

[9]     The trial court's consideration of Richison's criminal history is supported by the record. Richison provides no authority suggesting that a trial court is precluded from considering misdemeanor convictions. Rather, he argues that remote misdemeanor offenses should not be heavily weighed in the sentencing process. We cannot provide Richison relief upon this argument. "While we review the aggravating and mitigating factors considered by the trial court for abuse of discretion, we do not review the relative weight or value assigned to each factor." *Deloney v. State*, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010), *trans. denied*.

[10]    An allegation that the trial court failed to identify a particular mitigating factor requires the defendant to establish that the mitigating evidence is both

significant and clearly supported by the record. *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005). Here, Richison asked the trial court to impose a sentence less than the advisory sentence, arguing that alcohol had been involved, the circumstances were unlikely to reoccur, there was strong provocation, and his criminal history was minor. He did not advance for consideration at the sentencing hearing his role as a single parent, undue hardship to his child, or an expression of remorse. Thus, the trial court cannot be said to have abused its discretion by omitting consideration of these alleged factors.

# Inappropriateness

[11]    Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by a trial court. *See, e.g., Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017), *trans. denied*. This appellate authority is embodied in Indiana Appellate Rule 7(B). *Id*. Under 7(B), the appellant must demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *Id.* (citing Ind. Appellate Rule 7(B)). In these instances, deference to the trial courts "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[12]     The Indiana Supreme Court has explained that the principal role of appellate review is an attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. The question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[13]     Here, the nature of the primary offense is that Richison inflicted multiple stab wounds upon a friend who had repeatedly tried to reason with Richison and dissuade him from his anger. The violence was committed in the vicinity of several traumatized partygoers. Thereafter, Richison did not seek medical attention for the victim, but fled. He then awakened Hamilton during the early morning hours by breaking into Hamilton's garage. There is nothing in the circumstances of these crimes that militates toward a lesser sentence than that imposed.

[14]     As to Richison's character, he failed to benefit from prior leniency and rehabilitative efforts. True, his criminal history consists of only two misdemeanor offenses. But the first of those convictions, for criminal mischief, involved Richison's extreme expression of anger against relatives. He used a baseball bat to break into his mother's house and he also vandalized his sister's vehicle, while threatening to kill both of them. Unpersuaded to control his behavior, Richison then violated an order of protection. This resulted in his conviction for Invasion of Privacy. Although he had no history of juvenile adjudications, Richison had, at age sixteen, been ordered to refrain from contact with his mother. The police officer who had responded to the property

damage report expressed the fear that Richison was so volatile, he would likely kill someday. Sadly, although Richison received counseling services, his destructive behavior escalated. In sum, Richison's character has not been portrayed in a positive light.

# Conclusion

[15]     Richison has not demonstrated an abuse of the trial court's sentencing discretion. His sentence is not inappropriate.

[16]     Affirmed.

Crone, J., and Altice, J., concur.